~~SEALED~~
Unsealed 11-27-13

Clerk, U.S. District Court
Southern District of Texas
FILED

NOV 2 0 2013

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | CRIMINAL NUMBER |
| | § | |
| HECTOR JAVIER VILLARREAL | § | C-13-1075 |
| HERNANDEZ | § | |
| JORGE JUAN TORRES LOPEZ | § | |

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE

Between on or about October 1, 2007, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

HECTOR JAVIER VILLARREAL HERNANDEZ
and JORGE JUAN TORRES LOPEZ,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a)  to transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds involving the proceeds of specified unlawful activity, to wit: bank fraud and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, to a place in the United States from or through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer

represented the proceeds of some form of unlawful activity, to wit: bank fraud and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i),

and

b) to conduct and attempt to conduct financial transactions which in fact involve the proceeds of specified unlawful activity, to wit: bank fraud and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, knowing that the property involved in the transactions represents the proceeds of some form of activity, to wit: bank fraud and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

Between on or about October 1, 2007, and up to and including the date of this indictment, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

HECTOR JAVIER VILLARREAL HERNANDEZ
and JORGE JUAN TORRES LOPEZ,

knowingly and willingly, each aiding, abetting, and assisting one another, executed and attempted to execute a scheme and artifice to defraud J.P. Morgan Chase Bank, a financial institution insured by the Federal Deposit Insurance Corporation (F.D.I.C.) and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of J.P. Morgan Chase Bank, by means of materially false and fraudulent pretenses, representations, and promises. It was part of the scheme and artifice that defendants, HECTOR JAVIER VILLARREAL HERNANDEZ and JORGE JUAN TORRES LOPEZ, materially misrepresented their sources of income regarding the movement of moneys from the United Mexican States to the United States in furtherance of the funding of multiple offshore annuities.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

Between on or about August 24, 2009, to February 12, 2012, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

HECTOR JAVIER VILLARREAL HERNANDEZ,

did knowingly and intentionally devise a scheme or artifice to defraud and to obtain money and property, to wit: HECTOR JAVIER VILLARREAL HERNANDEZ materially misrepresented his source of income in relation to the movement of moneys from the United Mexican States to the United States in furtherance of the funding of multiple offshore annuities, by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme or artifice to defraud, did knowingly cause to be delivered by the United States Postal Service and by a private and commercial interstate carrier on eight separate occasions documents relating to the funding of the multiple offshore annuities to or from J.P. Morgan Chase Bank in Brownsville,

Texas, and to or from HECTOR JAVIER VILLARREAL HERNANDEZ in Mexico.

In violation of Title 18, United States Code, Sections 1341.

## COUNT FOUR

Between on or about February 2, 2008, to February 6, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

JORGE JUAN TORRES LOPEZ,

did knowingly and intentionally devise a scheme or artifice to defraud J.P. Morgan Chase Bank and for obtaining money or property by means of false or fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud transmitted and caused to be transmitted by means of wire communication in interstate commerce any signal, to wit: JORGE JUAN TORRES LOPEZ materially misrepresented his source of income in relation to the movement of moneys from the United Mexican States to the United States in furtherance of the funding of an offshore annuity, and in furtherance of the scheme, JORGE JUAN TORRES LOPEZ caused a series of three wires totaling approximately $2,512,474.00 U.S. Dollars to be deposited into JORGE JUAN TORRES LOPEZ' J.P. Morgan Chase account xxxx8349.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE

### I. 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States of America gives notice to the defendants,

HECTOR JAVIER VILLARREAL HERNANDEZ
and JORGE JUAN TORRES LOPEZ,

that, upon conviction of an offense in violation of Title 18, United States Code, Section 1956 as

charged in Count One of the Indictment, the United States of America shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

a. All funds on deposit at Sun Secured Advantage Account Number 26-2673-031320, held at The Bank of N.T. Butterfield and Son Limited in Bermuda;

b. All funds on deposit at Old Mutual of Bermuda, Ltd., Contract Number CX4011696, held at Old Mutual, Ltd., located at Cumberland House, 6th Floor, 1 Victoria Street, Hamilton 11, Bermuda HM; and

c. a personal money judgment in the amount of approximately five million dollars ($5,000,000.00) in United States currency.

## II. 18 U.S.C. § 982(a)(2)(A)

Pursuant to Title 18, United States Code, Section 982(a)(2)(A), the United States of America gives notice to the defendants,

**HECTOR JAVIER VILLARREAL HERNANDEZ**
**and JORGE JUAN TORRES LOPEZ,**

that, upon conviction of any offense in violation of Title 18, United States Code, Sections 1341, 1343, or 1344 as charged in Counts Two, Three, and Four of the Indictment, the United States of America shall forfeit any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

The property to be forfeited includes, but is not limited to, the following:

a. All funds on deposit at Sun Secured Advantage Account Number 26-2673-031320, held at The Bank of N.T. Butterfield and Son Limited in Bermuda;

b. All funds on deposit at Old Mutual of Bermuda, Ltd., Contract Number CX4011696, held at Old Mutual, Ltd., located at Cumberland House, 6th Floor, 1 Victoria Street, Hamilton 11, Bermuda HM; and

   c. a personal money judgment in the amount of approximately five million dollars ($5,000,000.00) in United States currency.

## III. SUBSTITUTE ASSETS

In the event the property that is subject to forfeiture, as a result of any act of omission of the defendants:

  (1) cannot be located upon the exercise of due diligence;

  (2) has been transferred or sold to, or deposited with, a third party;

  (3) has been placed beyond the jurisdiction of the court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be divided without difficulty.

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 18, United States Code, Section 982(b)(1) incorporating Title 21, United States Code, Section 853(p).

            A TRUE BILL:
            ORIGINAL SIGNATURE ON FILE
            FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
JULIE K. HAMPTON
Assistant United States Attorney